## HIRIART *vs.* MORGAN.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT, THE JUDGE OF THE THIRD PRESIDING.

To subject a proprietor of land for levee made on it under proceedings of the Parish Police, its authority must be strictly pursued.

No provision by law exists respecting the manner in which the curator *ad hoc* and attorney appointed by the court, shall be paid for defending absentees on attachments.

This action was brought to enable plaintiff to seize and sell the land of the defendant, in order to pay the expense of

public works on the land. The execution of the work had been adjudicated by the public inspector of roads and leeves to the plaintiff; and the *process verbal* of the adjudication had been duly recorded in the book of mortgages, by which a mortgage was created on the land for the payment of the price of the work.

The plaintiff averred performance of the work agreeably to the engagement, and prayed the land might be seized and sold, and his claim satisfied out of the proceeds.

The order of seizure and sale was granted, and the defendant appealed to the District Court. He there pleaded *res judicata* to the demand. The court decided that the regulations of the police jury had not been duly promulgated, and that the inspector had not fully complied with the requirements of the regulations. The order granting the seizure and sale was rescinded, and from this decision the plaintiff appealed.

' *Ogden*, for appellant.

*Cooley*, for appellee.

The opinion of the court was delivered by MATHEWS, J.

This suit was commenced in the Parish Court of Point Coupee, by an order of seizure and sale obtained by Morgan, as undertaker, to make a levee in front of a certain tract of land belonging to the defendant, a non-resident of the parish; the work having been adjudicated to the former in pursuance of police regulations of the parish of Point Coupee.

The order was obtained under an act of the legislature, approved on the 8th of February, 1831; an appeal was taken by the defendant from the Parish to the District Court, where the cause was tried *de novo*, and judgment being rendered against the original plaintiff, he appealed, &c.

The order of seizure was opposed on the ground of irregularity in the proceedings by which the work was adjudicated to the appellant.

EASTERN DIS.
January, 1833.

HIRIART
vs.
MORGAN.

It is clear, from the evidence of the case, that the police regulations were not strictly pursued. The adjudication, in the present instance, was made under ordinances passed in September, 1831, which seem not to have been properly promulgated previous to the time when the making of the levee on the land of the appellee was let to the undertaker; and notice, such as is required by the seventeenth section of these ordinances to non-residents, was not given to the former.

The legal principles which ought to govern the present case, do not materially differ from those adopted in that of *Bouligny* vs. *Dormenon, et al,* reported in 2 *N. S. p.* 455. In that case, we held it to be necessary, in order to subject proprietors of land whereon levees are required to be made, to the payment of expenses incurred under proceedings of the parish police; that strict compliance with all regulations which permit an interference on the part of the parochial authorities in relation to the private property of individuals, should be shown. And there exists (perhaps) stronger reasons for applying the same principles to the case now under consideration, when we take into view the summary remedy allowed by the act of 1831.

To subject a proprietor of land for levee made on it under proceedings of the parish police, its authority must be strictly pursued.

The only question of any difficulty which is presented by the cause, relates to an allowance made to the attorney appointed to represent the absentee. He claimed three hundred dollars; and the judge of the District Court granted to him two hundred, and taxed this amount as costs against the plaintiff. The decisions of this court, in cases somewhat similar, appear to be against the pretensions of the advocate in the present instance. Those decisions were made in reference to curators *ad hoc* and attorneys appointed to represent and defend absentees in cases of attachment. In such cases the law makes no provision respecting the manner in which the curator or attorney shall be paid for his services. *See art.* 57 of the *L. C.* and *articles* 964, and 260 of the *C. P.* Also the case of *Pontalba* vs. *Pontalba,* 2 *L. R. p.* 466. But the act of the legislature, in pursuance of which the advocate was appointed in the present case, provides, expressly, the the mode in which he shall obtain compensation. The fifth

No provision by law exists respecting the manner in which the curator *ad hoc* and attorney appointed by the court shall be paid for defending absentees on attachments.

section of the law which entitles the undertaker to an order of seizure and sale, makes it the duty of the judge, in cases of non-residency, " to name an attorney for the non-resident, upon whom service shall be made as provided for in executory proceedings by the *Code of Practice;* and said attorney shall be entitled to such compensation as said judge may think proper, to be taxed as part of the costs.

The general rule with regard to costs, requires that they should be borne by the party cast in a suit, and they are so taxed in ordinary cases. It is true, that the amount to be levied in most instances, is expressly specified by law; and it would probably be well that such specification should be made in all cases, according to the maxim which considers laws the best which leave least to the discretion of judges. The law, however, under which the advocate claims compensation in the present case, seems to leave the amount to be allowed as costs, entirely to the discretion of the judge; but this circumstance does not, in our opinion, take the matter out of the general rules by creating an exception; and as the plaintiff has entirely failed in his action, all the costs of proceedings were properly imposed on him. The sum taxed we do not consider unreasonable.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.